### Elias B. Woolf et al., Copartners, trading as E. B. Woolf & Company, Appellees, v. Alfred Hamburger, Appellant.

### Gen. No. 22,354. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment here for $750. Opinion filed October 30, 1916. Rehearing denied November 13, 1916.

### Statement of the Case.

Action by Elias B. Woolf, Sidney Kahnweiler and Emil Koritz, copartners, trading as E. B. Woolf & Company, plaintiffs, against Alfred Hamburger, defendant, in the Circuit Court of Cook county, to recover on a *quantum meruit* brokers' commissions for the sale by plaintiffs of a printing plant of defendant. From a judgment for plaintiffs, defendant appeals.

It was undisputed that there were negotiations between defendant and a broker employed by plaintiffs, and that the purchaser to whom defendant sold the

property was introduced to defendant by such broker. Defendant claimed that plaintiffs' negotiations were suspended and that he made the sale by his own efforts.

E. S. HARTMAN, for appellant.

SIMEON STRAUS and IRA E. STRAUS, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1.  BROKERS, § 90*—*when evidence sufficient to sustain action for commissions.* In an action to recover brokers' commissions, which action was tried without a jury, a finding that defendant employed plaintiffs to make the sale and that the same was made to the purchaser procured by plaintiffs, on terms satisfactory to defendant, *held* sustained by the evidence.

2.  BROKERS, § 36*—*what constitutes performance of contract for commissions.* A broker, in order to entitle himself to commissions, must show that he has produced a purchaser ready and willing to take the property on the terms specified, or that his efforts were the procuring cause of the sale which the principal has made to the purchaser with whom he has been brought into communication.

3.  BROKERS, § 37*—*when broker is efficient procuring cause of sale.* Where an owner of property actually sells to a purchaser procured by brokers whom he has employed to secure such purchaser, and on terms agreed on between the owner and the purchaser, the brokers are the efficient procuring cause of the sale although there is evidence that during the preliminary negotiations the purchaser was unable to come to terms with the owner, and stated that he could not buy the property for himself but intended to sell it to a third party.

4.  TRIAL, § 299*—*when refusal to hold propositions of law not error.* In a case tried without a jury it is not error to refuse to hold propositions of law which are inapplicable to the facts established by the evidence.

5.  BROKERS—*what method of fixing amount of judgment for commissions erroneous.* In an action to recover brokers' commissions, which action is tried without a jury, and where the evidence is con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

flicting as to what is the usual and customary commission payable on such a sale, some witnesses fixing it at five per cent. on the value of the property sold, and others at two and a half per cent., it is error for the court arbitrarily to fix the sum recoverable at an amount less than that fixed by any of the witnesses, since the court cannot set up its undisclosed judgment as a basis for the assessment of damages, but must either accept one or the other of the rates testified to, or assess damages at an amount between such rates, and not above or below them.

6. DAMAGES, § 243*—*how determined.* Damages must be assessed from the evidence in the record, and not *dehors* the record.

7. APPEAL AND ERROR, § 576*—*when cross errors assigned cannot be heard.* On appeal from a judgment for plaintiffs in an action tried without a jury, cross errors assigned by plaintiffs as to the measure of damages cannot be heard where no objection or exception to the action of the court complained of was made or preserved at the trial.

8. APPEAL AND ERROR, § 1810*—*when failure to except to judgment does not prevent entry of proper judgment.* Where in an action tried without a jury the court adopts a wrong measure of damages and consequently enters a judgment for plaintiffs in an amount less than the amount of such judgment if a proper measure of damages had been adopted, the Appellate Court is not prevented from entering the proper judgment by the fact that plaintiffs' cross errors cannot be heard, owing to the want of objection or exception in the trial court.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.